IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01062-BNB

TYRONE WALKER,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, In Individual and Official Capacity,
BILL RITTER Jr., In Individual and Official Capacity,
TOM CLEMENTS, In Individual and Official Capacity,
ARISTEDES W. ZAVARAS, In Individual and Official Capacity,
TONY CORACHI, In Individual and Official Capacity,
RICK RAEMISCH, In Individual and Official Capacity,
KEVIN MILYARD, In Individual and Official Capacity,
JAMES FALK, In Individual and Official Capacity,
JOHN CHAPDELAINE #10277, In Individual and Official Capacity,
JAMIE SOUCIE #12620, In Individual and Official Capacity,
MARSHALL GRIFFITH #14298, In Individual and Official Capacity,
JULIE FULLER #10068, In Individual and Official Capacity,
ASTRIA LOMBARD #14539, In Individual and Official Capacity, and
JANE DOE (NAME UNKNOWN), In Individual and Official Capacity,

    Defendants.

---

## ORDER TO AMEND

---

    Plaintiff, Tyrone Walker, a *pro se* prisoner litigant, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Furthermore, Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed, the

Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED April 17, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge